JS 44   (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John PHILLIPS and Donna PHILLIPS,

**(b)** County of Residence of First Listed Plaintiff   Middlesex County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul L. Garelick, Esq. - Lombadi & Lombardi, PA
1862 OakTree Road, PO Box 2065
Edison, NJ  08818   (732) 906-1500

## DEFENDANTS

SNAP-ON INCORPORATED, et al.

County of Residence of First Listed Defendant   Kenosha County, WI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
John E. Tyrrell, Esq. - Ricci Tyrrell Johnson & Grey
750 Route 73 South - Suite 202B
Marlton, NJ  08053   (856) 810-8860

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 2  U.S. Government
      Defendant

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      Another District
      *(specify)*

☐ 6  Multidistrict
      Litigation -
      Transfer

☐ 8  Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a), 1441 and 1446 - Diversity of Citizenship - Removal from State Court

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
01/30/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| JOHN PHILLIPS, an individual; and DONNA PHILLIPS, his spouse, per quod,<br><br>       Plaintiff,<br><br>  v.<br><br>MAC TOOLS, a division, affiliate or subsidiary of STANLEY BLACK & DECKER, INC.; SNAP-ON, INC.; JOHN DOE 1-5, a fictitiously named individual; ABC COMPANY 1-5, a fictitiously named business entity,<br><br>       Defendants. | Docket No.<br><br><br><br>**NOTICE OF REMOVAL** |

TO:  THE HONORABLE JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

      Defendant, SNAP-ON INCORPORATED, through its undersigned counsel, pursuant to

28 U.S.C. § 1332, 1441 and 1446, hereby removes to the United States District Court for the

District of New Jersey, the action captioned JOHN PHILLIPS, an individual; and DONNA

PHILLIPS, his spouse, per quod v. MAC TOOLS, a division, affiliate or subsidiary of

STANLEY BLACK & DECKER, INC.; SNAP-ON INC.; JOHN DOE 1-5, a fictitiously named

individual; ABC COMPANY 105, a fictitiously named business entity, Civil Action No. MID-L-

027-19 which is pending in the Superior Court of New Jersey, Law Division, Middlesex County.

In support of said removal, SNAP-ON INCORPORATED avers as follows:

      1.    At all times relevant hereto, including the commencement of the action and at the

time of removal, Defendant SNAP-ON INCORPORATED is and was a Delaware corporation

with its principal place of business located in Kenosha, Wisconsin.

2.      At all times relevant hereto, including the commencement of the action and at the time of removal, Defendant MAC TOOLS is and was a division of Stanley Industrial & Automotive, LLC.  At all times relevant hereto, including the commencement of the action and at the time of removal, Stanley Industrial & Automotive, LLC is and was a limited liability company organized under the laws of Delaware which is 100% owned by its sole member, Black & Decker (U.S.).  At all times relevant hereto, including the commencement of the action and at the time of removal, Black & Decker (U.S.) is and was a Maryland corporation with its principal place of business located in Towson, MD.

3.      According to the Complaint and First Amended Complaint in the above-captioned action, Plaintiffs John Phillips and Donna Phillips are each adult residents and citizens of the State of New Jersey residing at 11 Danny Place, Avenel, Township of Woodbridge, County of Middlesex.

4.      A natural person is a citizen of the state where he or she is domiciled.  A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business.  The citizenship of an LLC is determined by the citizenship of its members.  See *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-420 (3d Cir. 2010).

5.      Pursuant to 28 U.S.C. §1441 (b), in determining whether a civil action may be properly removed under U.S.C. §1332 (a), the citizenship of defendants sued under fictitious names shall be disregarded.

6.      The above captioned state court action was filed in New Jersey Superior Court, Middlesex County, Law Division on January 2, 2019.

7.      SNAP-ON INCORPORATED initially received a copy of the Summons and Complaint on January 10, 2019.

2

8.      This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446 (b), in that it is filed within 30 days after initial receipt by SNAP-ON INCORPORATED, by service or otherwise, of a copy of the Summons and Complaint.

9.      SNAP-ON INCORPORATED was subsequently served with a First Amended Complaint on January 18, 2019.

10.     Copies of the pleadings served on defendant SNAP-ON INCOPORATED are attached hereto as Exhibit "A" which, upon information and belief, constitutes all of the records and proceedings in the state court.

11.     In the First Amended Complaint, the Plaintiff John Phillips alleges that he has sustained serious and permanent personal injuries and damages as a result of the acts or omissions of the Defendants.

12.     In the First Amended Complaint, Plaintiffs allege John Phillips was injured in an accident occurring on June 18, 2018.

13.     In the First Amended Complaint, Plaintiff John Phillips alleges that his injuries include: "left eye injury with detached retina requiring surgeries; 100 percent vision loss of left eye; eventual removal of left eye scheduled for January 2019; brain injury with cognitive deficits; cervical disc herniation; hearing loss; emotional/psychological injuries; and other injuries". See Plaintiffs' First Amended Complaint, ¶ 16.

14.     Plaintiffs allege that due to the injuries, hundreds of thousands of dollars for hospital and medical expenses have been expended. See Plaintiffs' First Amended Complaint, ¶ 16b.

15.     Plaintiff John Phillips alleges his injuries are permanent and it is unlikely he will ever return to gainful employment. See Plaintiffs' First Amended Complaint, ¶ 16c, 16d.

16.     Based upon the allegations of Plaintiffs' First Amended Complaint, the amount in controversy between Plaintiffs and Defendants exceeds the sum of $75.000.00 (Seventy-Five Thousand Dollars), exclusive of interest and costs.  Because the amount in controversy exceeds the jurisdictional requirement and because of the complete diversity of citizenship between the Plaintiffs and Defendants, this Court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1441.

17.     A copy of this Notice of Removal will be promptly filed with the Clerk for the Superior Court of the State of New Jersey, Middlesex County and served on the Plaintiffs.

18.     The removal of this action to the District of New Jersey does not waive the Defendants' ability to assert any defense in this action.

19.     Venue is proper in this Court pursuant to 28 U.S.C. §1441 (a) because the District Court for the District of New Jersey is the district court embracing the state court where the action was filed.

20.     Defendant MAC TOOLS consents to this removal pursuant to 28 U.S.C. §1446 (b) as indicated in Exhibit "B" hereto.

21.     If any question arises as to the propriety of the removal of this action, Defendant SNAP-ON INCORPORATED requests the opportunity to conduct limited discovery and to present a brief oral argument in support of its position that this case is removable.

WHEREFORE, Defendant, SNAP-ON INCORPORATED has removed this action to the United States District Court for the District of New Jersey.

Dated this 30ᵗʰ day of January , 2019.

Respectfully submitted,

**RICCI TYRRELL JOHNSON & GREY**

By: _____
John E. Tyrrell
Counsel for Defendant
Snap-On Incorporated

Willow Ridge Executive Office Park
750 Route 73 South, Suite 202B
Marlton, NJ  08053
Phone: (856) 810-8860
Fax: (856) 810-8861
Email: jtyrrell@rtjglaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN PHILLIPS, an individual; and DONNA PHILLIPS, his spouse, per quod,<br><br>        Plaintiff,<br><br>    v.<br><br>MAC TOOLS, a division, affiliate or subsidiary of STANLEY BLACK & DECKER, INC.; SNAP-ON, INC.; JOHN DOE 1-5, a fictitiously named individual; ABC COMPANY 1-5, a fictitiously named business entity,<br><br>        Defendants. | Docket No.<br><br><br><br><u>**CERTIFICATE OF SERVICE**</u> |

The undersigned counsel hereby verifies/certifies that on this day, a true and correct copy of the foregoing Notice of Removal was served on the following, via first-class mail, pre-paid, postage pre-paid as follows:

Paul R. Garelick, Esquire
Lombardi & Lombardi, PA
1862 Oak Tree Road
P.O. Box 2065
Edison, NJ  08818
*Attorneys for Plaintiffs*

RICCI TYRELL JOHNSON & GREY

By: _____
    John E. Tyrrell
    Counsel for Defendant
    Snap-On Incorporated

Willow Ridge Executive Office Park
750 Route 73 South, Suite 202B
Marlton, NJ  08053
Phone: (856) 810-8860
Fax: (856) 810-8861
Email: jtyrrell@rtjglaw.com

Date:   January 30, 2019

# EXHIBIT A

MID-L-000027-19   01/18/2019 10:34:05 AM  Pg 1 of 9 Trans ID: LCV2019115271

Lombardi & Lombardi, PA
1862 Oak Tree Road, P.O. Box 2065
Edison, NJ 08818
Tel. (732) 906-1500; Fax (732)906-7625
Attorneys for Plaintiff(s); File No. PRG

| | |
|---|---|
| JOHN PHILLIPS, an individual; and DONNA PHILLIPS, his spouse, per quod, | : SUPERIOR COURT OF NEW JERSEY<br>: MIDDLESEX COUNTY<br>: LAW DIVISION |
| Plaintiffs | : |
| v. | : DOCKET NO. MID-L-027-19 |
| MAC TOOLS, a division, affiliate or subsidiary of STANLEY BLACK & DECKER, INC.; SNAP-ON, INC.; JOHN DOE 1-5, a fictitiously named individual; ABC COMPANY 1-5, a fictitiously named business entity, | : **CIVIL ACTION**<br><br>: **FIRST AMENDED COMPLAINT;**<br>: **JURY DEMAND; DESIGNATION**<br>: **OF TRIAL COUNSEL; R. 4:5-1**<br>: **and R.1:38-7(b) CERTIFICATIONS** |
| Defendants | : |

Plaintiffs, John Phillips, an individual, and Donna Phillips, his spouse, per quod, residing at 11 Danny Place, Avenel, Township of Woodbridge, County of Middlesex and State of New Jersey, by way of First Amended Complaint against the defendants says:

## FIRST COUNT
(Factual Allegations)

1.   Plaintiff, John Phillips (hereinafter "John" and/or "Plaintiff, John") is 52 years of age.

2.   Plaintiff, John, is married to the plaintiff, Donna Phillips (hereinafter "Donna" and/or "Plaintiff, Donna"), and they reside together at 11 Danny Place, Avenel, Township of Woodbridge.

3.     Plaintiff, John, as of June 18, 2018, had been employed as an automobile mechanic for over thirty (30) years.

4.     As of June 18, 2018, and for several years prior thereto, the plaintiff, John, had been employed as an automobile mechanic for JMB Automotive Corp. at 265 Plainfield Avenue, Township of Edison, County of Middlesex and State of New Jersey.

5.     At all times mentioned herein, the defendant, Mac Tools, a division, affiliate or subsidiary of Stanley Black & Decker, Inc. (hereinafter "Mac" and/or "Defendant, Mac"), did design, manufacture, assemble, market, sell and distribute automotive hand tools and tool sets, including automotive ratchets, wrenches and other automotive hand tools.

6.     Among the tools and tool sets designed, manufactured, assembled, marketed, sold and distributed by the defendant, Mac, was an "8 Piece Metric Triple Square Bit Driver Set", 3/8" Drive, said set identified by the defendant, Mac, as SMXT58B, which set contained eight (8) 3/8" drive, bit drivers/socket bits of various sizes.

7.     The bit driver/socket bit set identified in paragraph 6 was labeled as follows:

- For use on Audi, Mercedes, VW, Porsche and other import cars;

- Compact, one-piece design;

- Polished chrome finish with black tips;

- Packaged in blow mold case for easing storage.

8.     At all times mentioned herein, the defendant, Snap-On, Incorporated (hereinafter "Snap-On" and/or Defendant, Snap-On"), did design, manufacture, market, sell and distribute hand automotive tools, including a "Breaker Bar" identified as a 24 inch, ½ inch drive, breaker bar, "SN24B".

8a.     A breaker bar is, essentially, a long metal wrench to which a bit driver/socket bit is applied; used to tighten or untighten fasteners such as bolts.

9.     At all times mentioned herein, the defendant, Snap-On, Incorporated (hereinafter "Snap-On" and/or defendant, Snap-On"), did design, manufacture, market, sell and distribute hand automotive tools, including a reducer/adapter used to adapt the ½ drive Breaker Bar for "3/8" drive, bit drivers/socket bits.  Said reducer/adapter is identified and labeled by the defendant, Snap-On, as "GSAAF-16" and also labeled "Warning Nonimpact Max Torque 2000 In LB".

10.     On June 18, 2018 during the course of his employment, plaintiff, John, was assigned by his employer, JMB Automotive Corp., the task of replacing a rear wheel bearing on a 2006 Volkswagen Jetta; VIN 3VWRG 81K16 M7650 89.

11.     On June 18, 2018, in attempting to loosen and remove the existing bolt from the wheel bearing, plaintiff, John, utilized the Snap-On breaker bar identified in paragraph 8; the reducer/adapter identified in paragraph 9, along with the 3/8-inch drive, 16 mm bit driver/socket bit from the bit driver set identified in paragraph 6.

11a.     The Snap-On breaker bar was purchased by the plaintiff, John, several years prior to June 18, 2018.

11b.     The Mac Bit Driver Set was owned and provided by plaintiff's employer, JMB Automotive Corp.  Said set was rarely, if ever, used prior to June 18, 2018.

12.     On June 18, 2018, the plaintiff, John, did utilize eye protection goggles during his attempt to remove the bolt from the rear wheel bearing on the 2006 Volkswagen Jetta; VIN 3VWRG 81K16 M7650 89.

13.    Plaintiff, John, in an effort to remove the rear wheel bearing bolt, inserted the 3/8-inch drive, 16 mm bit driver/socket bit into the bolt and applied rotational force to the handle end of the Snap-On breaker bar.

14.    Without notice or warning to the plaintiff, John, upon application of rotational force to the handle end of the breaker bar, the Mac 3/8-inch drive, 16 mm bit driver/socket bit suffered a mechanical failure; said bit drive/socket bit fractured into two (2) pieces.

15.    As a result of the upward, rotational force exerted by the plaintiff, John, on the handle end of the Snap-On breaker bar, and as a further result of the failure of the 3/8 inch drive, 16 mm bit driver/socket bit, the handle of the Snap-On breaker bar rotated up toward the forehead of the plaintiff, John, making blunt force contact with plaintiff's head and left eye orbit.

16.    As a result of the June 18, 2018 incident described above, the plaintiff, John, suffered serious injuries, including left eye injury with detached retina requiring surgeries; 100% vision loss of left eye; eventual removal of left eye scheduled for January 2019; brain injury with cognitive deficits; cervical disc herniation; hearing loss; emotional/psychological injuries; and other injuries.

16a.    Plaintiff has been caused to sustain pain and suffering from June 18, 2018 to present and continuing.

16b.    The Travelers Insurance Companies, the workers' compensation insurance company of JMB Automotive Corp., has been required to expend hundreds of thousands of dollars for hospital and medical expenses incurred to treat the injuries of the plaintiff, John;

there will be future and continuing medical expenses.   Travelers Insurance Company has asserted a lien against any third-party tort recovery.

16c.   Plaintiff has been prevented from attending to his employment at JMB Automotive Corp; it is unlikely that the plaintiff, John, will ever return to gainful employment.

16d.   Plaintiff's injuries are permanent in nature and plaintiff will suffer the future residuals of his injuries related to the June 18, 2018 incident.

16e.   Plaintiff, John, has and will in the future be unable to engage in his usual activities and affairs.

## SECOND COUNT
### (New Jersey Products Liability Act; Defendant, Mac)

17.   Plaintiff, John, repeats and realleges each and every paragraph of the First Count, 1 through 16, as if set forth at length herein.

18.   Defendant, Mac, designed, manufactured, assembled, marketed, sold and distributed a defective product, namely the 3/8-inch drive, 16 mm bit driver/socket bit.

19.   The 3/8-inch drive, 16 mm bit driver/socket bit deviated from design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

In this case, the 16 mm bit driver/socket bit failed and fractured when torque force was applied to it by the breaker bar.

20.   The 3/8-inch drive, 16 mm bit driver/socket bit and the set in which it was included failed to contain an adequate warning that its use with a 1/2-inch drive breaker bar

could result in metal failure of the bit driver/socket bit; also, there was no warning as to what torque could result in a metal failure of the bit driver.

21.     The 3/8-inch drive, 16 mm bit driver/socket bit (i) was designed in a defective manner and (ii) a safe and reasonably feasible design alternative existed or (iii) the risks involved in the product's use outweigh the product's utility.

22.     The 3/8-inch drive, 16 mm bit driver/socket bit was advertised and labeled for use on Volkswagen vehicles; however, the said bit driver/socket bit failed when being used in an authorized way to loosen a bolt from a Volkswagen rear-wheel bearing.

23.     The defendant, Mac, has liability to the plaintiff, John, under the New Jersey Product Liability Act, NJSA 2A:58C-1 et seq.

### THIRD COUNT
### (Breach of Warranty; Defendant, Mac)

24.     Plaintiff, John, repeats and realleges each and every paragraph of the First and Second Counts, 1 through 23, as if set forth at length herein.

25.     The 3/8-inch drive, 16 mm bit driver/socket bit and the bit driver set in which it was included contained a warranty that it was designed for use on Volkswagen vehicles, which was a warranty of fitness for a particular purpose, i.e. use to loosen bolts on Volkswagen wheel bearings.

26.     The 3/8-inch drive, 16 mm bit driver/socket bit contained an implied warranty that it was safe for use during foreseeable applications, including loosening a Volkswagen wheel bearing bolt.

27.   The breakage and failure of the 16 mm bit driver/socket bit constituted a breach of warranties, express and implied, by the defendant, Mac.

## FOURTH COUNT
### (New Jersey Products Liability Act; Defendant, Snap-On)

28.   Plaintiff, John, repeats and realleges each and every paragraph of the First, Second and Third Counts, 1 through 27, as if set forth at length.

29.   Defendant, Snap-On, designed, manufactured, assembled, marketed, sold and distributed defective products, namely:

      (I)    24-inch, 1/2-inch drive Breaker Bar, "SN24B"    and/or

      (ii)   Reducer/adapter to adapt a 1/2-inch drive breaker bar

           for use with 3/8-inch drive, bit drivers/wrenches.

30.   The products identified in the preceding paragraph were defective because they (i) failed to contain an adequate warning that their use on a 3/8 inch drive, 16 mm bit driver/socket bit could result in a failure of the said bit driver; and/or (ii) were designed in a defective manner while a safe and reasonably feasible design alternative existed and/or the risks involved in the product's use outweighed the product's utility.

30a.   In this case, the torque applied to the 16mm bit driver/socket bit caused the said bit driver to fracture and break into two (2) parts.

31.   Defendant, Snap-On, is liable to the plaintiff, John, under the New Jersey Products Liability Act, NJSA 2A:58C-1 et seq.

## FIFTH COUNT
### (Plaintiff, Donna Phillips, Per Quod)

32.   Plaintiff, Donna Phillips, per quod, repeats and realleges each and every

paragraph of the First, Second, Third and Fourth Counts, 1 through 31, as if set forth at length herein.

33.    As a result of the tortious conduct of the defendants, plaintiff, Donna, has been deprived of her spouse's consortium, comfort, services and affection from June 18, 2018 to the present time and continuing.

## SIXTH COUNT
### (Fictitious Defendants)

34.    Plaintiffs, repeat and reallege each and every paragraph of the First, Second, Third, Fourth and Fifth Counts, 1 through 33 as if set forth at length herein.

35.    Plaintiffs have impleaded, herein, certain fictitious persons and entities identified in the caption as John Doe 1-5, a fictitious person, and ABC Company 1-5, a fictitious entity.

36.    Said fictitiously named individuals and entities represent persons or entities, the identify of which is unknown, who designed, manufactured, sold, marketed and/or distributed the defective products identified in the prior Counts and/or relevant component parts thereof and/or labeled the defective products.

37.    Plaintiffs reserve the right to, in the future, substitute actual persons and entities for the fictitiously named persons and entities.

WHEREFORE, the plaintiffs, John Phillips and Dona Phillips, per quod, demand judgment against all defendants, jointly and severally, for compensatory damages, together with interest and costs of suit.

## JURY DEMAND

Plaintiffs do hereby demand a trial by a jury of six (6) persons on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michael F. Lombardi, Esq. is hereby designated as trial counsel.

## CERTIFICATION: R.4:5-1

The undersigned certifies that, to the best of his knowledge and belief, there is not currently pending nor anticipated any other related civil action or arbitration proceeding regarding the subject matter of the within lawsuit.

## CERTIFICATION R. 1:38-7(b)

The undersigned certifies that the within pleading contains no personal confidential identifiers for any party named herein.  The undersigned recognizes a responsibility to ensure the same as to subsequent pleadings.

I certify that the foregoing statements made by me in this Certification are true. I am aware that if any statement contained herein is willfully false, I am subject to punishment.

LOMBARDI & LOMBARDI, P.A.
Attorneys for Plaintiffs

Dated: January 18, 2019                      By: _____
                                                       Paul R. Garelick

Lombardi & Lombardi, PA
1862 Oak Tree Road, P.O. Box 2065
Edison, NJ 08818
Tel. (732) 906-1500; Fax (732)906-7625
Attorneys for Plaintiff(s); File No.

| | |
|---|---|
| JOHN PHILLIPS, an individual; and DONNA PHILLIPS, his spouse, per quod, | : SUPERIOR COURT OF NEW JERSEY : MIDDLESEX COUNTY : LAW DIVISION : |
| Plaintiffs | : : DOCKET NO. MID-L-027-19 |
| v. | : : **CIVIL ACTION** |
| MAC TOOLS, a division, affiliate or subsidiary of STANLEY BLACK & DECKER, INC.; SNAP-ON, INC.; JOHN DOE 1-5, a fictitiously named individual; ABC COMPANY 1-5, a fictitiously named business entity, | : : **SUMMONS** : : : : : |
| Defendants | : |

From the State of New Jersey, To the Defendant (s) Named Above:

The plaintiff, named above, has filed a lawsuit in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or Motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date your received this Summons, not counting the date you received it. (A directory of the addresses of each Deputy Clerk of the Superior Court is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deputyclerklawref.pdf.) If the Complaint is one in foreclosure, then you must file your written Answer or Motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your Answer or Motion when it is filed. You must also send a copy of your Answer or Motion to plaintiff's attorney, whose name and address appear above, or to plaintiff if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or Motion (with fee of $175.00 and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services and Lawyer Referral Services is available in the County Civil Division Management Office and online http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated:  January 3, 2019

Michelle M. Smith
Clerk of the Superior Court

Name of Defendant to be served:     SNAP-ON, Inc.

Address of Defendant to be served:     2801 80th Street
Kenosha, WI  53143

Revised 09/04/12, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-000027-19**

**Case Caption:** PHILLIPS JOHN  VS MAC TOOLS, A
DIVISIO N,
**Case Initiation Date:** 01/02/2019
**Attorney Name:** MICHAEL F LOMBARDI
**Firm Name:** LOMBARDI & LOMBARDI
**Address:** 1862 OAK TREE ROAD
EDISON NJ 088200000
**Phone:**
**Name of Party:** PLAINTIFF : PHILLIPS, jOHN
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PRODUCT LIABILITY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?**  NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** YES

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38–7(b)

<u>01/02/2019</u>
Dated

*/s/* MICHAEL F LOMBARDI
Signed

MID-L-000027-19   01/02/2019 2:18:55 PM  Pg 1 of 9 Trans ID: LCV20194738

PAUL R. GARELICK, ESQ.; Attorney ID #017491993
Lombardi & Lombardi, PA
1862 Oak Tree Road, P.O. Box 2065
Edison, NJ 08818
Tel. (732) 906-1500; Fax (732)906-7625
Attorneys for Plaintiff(s); File No. PRG

| | |
|---|---|
| JOHN PHILLIPS, an individual; and DONNA PHILLIPS, his spouse, per quod, <br><br> Plaintiffs <br><br> v. <br><br> MAC TOOLS, a division, affiliate or subsidiary of STANLEY BLACK & DECKER, INC.; SNAP-ON, INC.; JOHN DOE 1-5, a fictitiously named individual; ABC COMPANY 1-5, a fictitiously named business entity, <br><br> Defendants | : SUPERIOR COURT OF NEW JERSEY <br> : MIDDLESEX COUNTY <br> : LAW DIVISION <br> : <br> : DOCKET NO. <br> : <br> : **CIVIL ACTION** <br> : <br> : **COMPLAINT; JURY DEMAND;** <br> : **DESIGNATION OF TRIAL COUNSEL;** <br> : **CERTIFICATIONS R.4:5-1, R.1:38-7(b)** <br> : |

Plaintiffs, John Phillips, an individual, and Donna Phillips, his spouse, per quod, residing at 11 Danny Place, Avenel, Township of Woodbridge, County of Middlesex and State of New Jersey, by way of Complaint against the defendants says:

### FIRST COUNT
#### (Factual Allegations)

1.    Plaintiff, John Phillips (hereinafter "John" and/or "Plaintiff, John") is 52 years of age.

2.    Plaintiff, John, is married to the plaintiff, Donna Phillips (hereinafter "Donna" and/or "Plaintiff, Donna"), and they reside together at 11 Danny Place, Avenel, Township of Woodbridge.

3.    Plaintiff, John, as of June 18, 2018, had been employed as an automobile mechanic for over thirty (30) years.

4.    As of June 18, 2018, and for several years prior thereto, the plaintiff, John, had been employed as an automobile mechanic for JMB Automotive Corp. at 265 Plainfield Avenue, Township of Edison, County of Middlesex and State of New Jersey.

5.    At all times mentioned herein, the defendant, Mac Tools, a division, affiliate or subsidiary of Stanley Black & Decker, Inc. (hereinafter "Mac" and/or "Defendant, Mac"), did design, manufacture, assemble, market, sell and distribute automotive hand tools and tool sets, including automotive ratchets, wrenches and other automotive hand tools.

6.    Among the tools and tool sets designed, manufactured, assembled, marketed, sold and distributed by the defendant, Mac, was an "8 Piece Metric Triple Square Bit Driver Set", 3/8" Drive, said set identified by the defendant, Mac, as SMXT58B, which set contained eight (8) 3/8" drive, bit drivers/socket bits of various sizes.

7.    The bit driver/socket bit set identified in paragraph 6 was labeled as follows:

- For use on Audi, Mercedes, VW, Porsche and other import cars;
- Compact, one-piece design;
- Polished chrome finish with black tips;
- Packaged in blow mold case for easing storage.

8.    At all times mentioned herein, the defendant, Snap-On, Incorporated (hereinafter "Snap-On" and/or Defendant, Snap-On"), did design, manufacture, market, sell and distribute hand automotive tools, including a "Breaker Bar" identified as a 24 inch, ½ inch drive, breaker bar, "SN24B".

8a.     A breaker bar is, essentially, a long metal wrench to which a bit driver/socket bit is applied; used to tighten or untighten fasteners such as bolts.

9.     At all times mentioned herein, the defendant, Snap-On, Incorporated (hereinafter "Snap-On" and/or defendant, Snap-On"), did design, manufacture, market, sell and distribute hand automotive tools, including a reducer/adapter used to adapt the ½ drive Breaker Bar for "3/8" drive, bit drivers/socket bits.  Said reducer/adapter is identified and labeled by the defendant, Snap-On, as "GSAAF-16" and also labeled "Warning Nonimpact Max Torque 2000 In LB".

10.     On June 18, 2018 during the course of his employment, plaintiff, John, was assigned by his employer, JMB Automotive Corp., the task of replacing a rear wheel bearing on a 2008 Volkswagen Passat.

11.     On June 18, 2018, in attempting to loosen and remove the existing bolt from the wheel bearing, plaintiff, John, utilized the Snap-On breaker bar identified in paragraph 8; the reducer/adapter identified in paragraph 9, along with the 3/8-inch drive, 16 mm bit driver/socket bit from the bit driver set identified in paragraph 6.

11a.     The Snap-On breaker bar was purchased by the plaintiff, John, several years prior to June 18, 2018.

11b.     The Mac Bit Driver Set was owned and provided by plaintiff's employer, JMB Automotive Corp.  Said set was rarely, if ever, used prior to June 18, 2018.

12.     On June 18, 2018, the plaintiff, John, did utilize eye protection goggles during his attempt to remove the bolt from the rear wheel bearing on the 2008 Volkswagen Passat.

13.    Plaintiff, John, in an effort to remove the rear wheel bearing bolt, inserted the 3/8-inch drive, 16 mm bit driver/socket bit into the bolt and applied rotational force to the handle end of the Snap-On breaker bar.

14.    Without notice or warning to the plaintiff, John, upon application of rotational force to the handle end of the breaker bar, the Mac 3/8-inch drive, 16 mm bit driver/socket bit suffered a mechanical failure; said bit drive/socket bit fractured into two (2) pieces.

15.    As a result of the upward, rotational force exerted by the plaintiff, John, on the handle end of the Snap-On breaker bar, and as a further result of the failure of the 3/8 inch drive, 16 mm bit driver/socket bit, the handle of the Snap-On breaker bar rotated up toward the forehead of the plaintiff, John, making blunt force contact with plaintiff's head and left eye orbit.

16.    As a result of the June 18, 2018 incident described above, the plaintiff, John, suffered serious injuries, including left eye injury with detached retina requiring surgeries; 100% vision loss of left eye; eventual removal of left eye scheduled for January 2019; brain injury with cognitive deficits; cervical disc herniation; hearing loss; emotional/psychological injuries; and other injuries.

16a.    Plaintiff has been caused to sustain pain and suffering from June 18, 2018 to present and continuing.

16b.    The Travelers Insurance Companies, the workers' compensation insurance company of JMB Automotive Corp., has been required to expend hundreds of thousands of dollars for hospital and medical expenses incurred to treat the injuries of the plaintiff, John;

there will be future and continuing medical expenses.   Travelers Insurance Company has asserted a lien against any third-party tort recovery.

16c.   Plaintiff has been prevented from attending to his employment at JMB Automotive Corp; it is unlikely that the plaintiff, John, will ever return to gainful employment.

16d.   Plaintiff's injuries are permanent in nature and plaintiff will suffer the future residuals of his injuries related to the June 18, 2018 incident.

16e.   Plaintiff, John, has and will in the future be unable to engage in his usual activities and affairs.

## SECOND COUNT
### (New Jersey Products Liability Act; Defendant, Mac)

17.   Plaintiff, John, repeats and realleges each and every paragraph of the First Count, 1 through 16, as if set forth at length herein.

18.   Defendant, Mac, designed, manufactured, assembled, marketed, sold and distributed a defective product, namely the 3/8-inch drive, 16 mm bit driver/socket bit.

19.   The 3/8-inch drive, 16 mm bit driver/socket bit deviated from design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae.

In this case, the 16 mm bit driver/socket bit failed and fractured when torque force was applied to it by the breaker bar.

20.   The 3/8-inch drive, 16 mm bit driver/socket bit and the set in which it was included failed to contain an adequate warning that its use with a 1/2-inch drive breaker bar

could result in metal failure of the bit driver/socket bit; also, there was no warning as to what torque could result in a metal failure of the bit driver.

21.     The 3/8-inch drive, 16 mm bit driver/socket bit (i) was designed in a defective manner and (ii) a safe and reasonably feasible design alternative existed or (iii) the risks involved in the product's use outweigh the product's utility.

22.     The 3/8-inch drive, 16 mm bit driver/socket bit was advertised and labeled for use on Volkswagen vehicles; however, the said bit driver/socket bit failed when being used in an authorized way to loosen a bolt from a Volkswagen rear-wheel bearing.

23.     The defendant, Mac, has liability to the plaintiff, John, under the New Jersey Product Liability Act, NJSA 2A:58C-1 et seq.

### THIRD COUNT
**(Breach of Warranty; Defendant, Mac)**

24.     Plaintiff, John, repeats and realleges each and every paragraph of the First and Second Counts, 1 through 23, as if set forth at length herein.

25.     The 3/8-inch drive, 16 mm bit driver/socket bit and the bit driver set in which it was included contained a warranty that it was designed for use on Volkswagen vehicles, which was a warranty of fitness for a particular purpose, i.e. use to loosen bolts on Volkswagen wheel bearings.

26.     The 3/8-inch drive, 16 mm bit driver/socket bit contained an implied warranty that it was safe for use during foreseeable applications, including loosening a Volkswagen wheel bearing bolt.

27.   The breakage and failure of the 16 mm bit driver/socket bit constituted a breach of warranties, express and implied, by the defendant, Mac.

### FOURTH COUNT
**(New Jersey Products Liability Act; Defendant, Snap-On)**

28.   Plaintiff, John, repeats and realleges each and every paragraph of the First, Second and Third Counts, 1 through 27, as if set forth at length.

29.   Defendant, Snap-On, designed, manufactured, assembled, marketed, sold and distributed defective products, namely:

      (I)   24-inch, 1/2-inch drive Breaker Bar, "SN24B"    and/or

      (ii)   Reducer/adapter to adapt a 1/2-inch drive breaker bar

            for use with 3/8-inch drive, bit drivers/wrenches.

30.   The products identified in the preceding paragraph were defective because they (i) failed to contain an adequate warning that their use on a 3/8 inch drive, 16 mm bit driver/socket bit could result in a failure of the said bit driver; and/or (ii) were designed in a defective manner while a safe and reasonably feasible design alternative existed and/or the risks involved in the product's use outweighed the product's utility.

30a.   In this case, the torque applied to the 16mm bit driver/socket bit caused the said bit driver to fracture and break into two (2) parts.

31.   Defendant, Snap-On, is liable to the plaintiff, John, under the New Jersey Products Liability Act, NJSA 2A:58C-1 et seq.

### FIFTH COUNT
**(Plaintiff, Donna Phillips, Per Quod)**

32.   Plaintiff, Donna Phillips, per quod, repeats and realleges each and every

paragraph of the First, Second, Third and Fourth Counts, 1 through 31, as if set forth at length herein.

33.   As a result of the tortious conduct of the defendants, plaintiff, Donna, has been deprived of her spouse's consortium, comfort, services and affection from June 18, 2018 to the present time and continuing.

## SIXTH COUNT
### (Fictitious Defendants)

34.   Plaintiffs, repeat and reallege each and every paragraph of the First, Second, Third, Fourth and Fifth Counts, 1 through 33 as if set forth at length herein.

35.   Plaintiffs have impleaded, herein, certain fictitious persons and entities identified in the caption as John Doe 1-5, a fictitious person, and ABD Company 1-5, a fictitious entity.

36.   Said fictitiously named individuals and entities represent persons or entities, the identify of which is unknown, who designed, manufactured, sold, marketed and/or distributed the defective products identified in the prior Counts and/or relevant component parts thereof and/or labeled the defective products.

37.   Plaintiffs reserve the right to, in the future, substitute actual persons and entities for the fictiti9ously named persons and entities.

WHEREFORE, the plaintiffs, John Phillips and Dona Phillips, per quod, demand judgment against all defendants, jointly and severally, for compensatory damages, together with interest and costs of suit.

### JURY DEMAND

Plaintiffs do hereby demand a trial by a jury of six (6) persons on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michael F. Lombardi, Esq. is hereby designated as trial counsel.

### CERTIFICATION; R.4:5-1

The undersigned certifies that, to the best of his knowledge and belief, there is not currently pending nor anticipated any other related civil action or arbitration proceeding regarding the subject matter of the within lawsuit.

### CERTIFICATION R. 1:38-7(b)

The undersigned certifies that the within pleading contains no personal confidential identifiers for any party named herein. The undersigned recognizes a responsibility to ensure the same as to subsequent pleadings.

I certify that the foregoing statements made by me in this Certification are true. I am aware that if any statement contained herein is willfully false, I am subject to punishment.

LOMBARDI & LOMBARDI, P.A.
Attorneys for Plaintiffs

Dated: January 2, 2019

By: _Paul R. Garelick_
Paul R. Garelick

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN PHILLIPS, an individual; and DONNA PHILLIPS, his spouse, per quod,<br><br>       Plaintiff,<br><br>v.<br><br>MAC TOOLS, a division, affiliate or subsidiary of STANLEY BLACK & DECKER, INC.; SNAP-ON, INC.; JOHN DOE 1-5, a fictitiously named individual; ABC COMPANY 1-5, a fictitiously named business entity,<br><br>       Defendants. | Docket No.<br><br><br><br>**CONSENT TO REMOVAL** |

Defendant MAC Tools, by its undersigned counsel, consents to the Removal of this action by Defendant Snap-on Incorporated, and states as follows:

1.      Both at the time of the filing of the state court action and at the time of filing of this Removal, Defendant MAC Tools is a division of Stanley Industrial & Automotive, LLC.  Stanley Industrial & Automotive, LLC is a limited liability company organized under the laws of Delaware which is 100% owned by its sole member, Black & Decker (U.S.).

2.      Both at the time of the filing of the state court action and at the time of filing of this Removal, Black & Decker (U.S.) is a Maryland corporation with its principal place of business located at 701 E. Joppa Road, Towson, MD 21286.

3.      Defendant MAC Tools consents to the removal of this action by Defendant Snap-on Incorporated.

Respectfully submitted,

Richard Bryan
Counsel for MAC Tools

Cipriani & Werner
155 Gaither Drive Suite B
Mt. Laurel, NJ 08054
Phone: (856) 761-3800
rbryan@c-wlaw.com

1