UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA PHILLIPS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SNAP-ON, INC., *et al.*, <br><br> Defendants. | 19-cv-2229 <br><br> OPINION |

### WILLIAM J. MARTINI, U.S.D.J.:

This matter arises from the alleged mechanical failure of a driver/socket bit while Plaintiff John Phillips was working as an auto mechanic. The matter comes before the Court on Defendant Tien-I Industrial Corporation Limited's ("Tien-I" or "Defendant") motion to dismiss for lack of personal jurisdiction and insufficient service of process. ECF No. 26. Plaintiffs cross move for jurisdictional discovery. ECF No. 27. For the reasons set forth below, the motion to dismiss is **GRANTED** and the cross motion for discovery is **DENIED**.

## I. BACKGROUND

Plaintiffs John and Donna Phillips ("Plaintiffs") allege that on June 18, 2019, while working as an auto mechanic for JMB Automotive Corp., John utilized a "breaker bar" and a "16 mm [driver/socket] bit" to remove a bolt from a wheel bearing. 2d Amend. Compl. ¶ 8, 13, 16, ECF No. 18 ("SAC"). When John applied rotational force to the breaker bar, the driver/socket bit fractured and the breaker bar "rotated up toward [John's] forehead . . . making blunt force contact with [his] head and left eye orbit," injuring him. *Id.* ¶¶ 17-18.

Plaintiffs bring this six-count suit against MAC Tools (part of Stanley Black & Decker, Inc.), Snap-on, Inc., Professional Tool Products, LLC ("PTP"), Tien-I, and various fictitious defendants (collectively, "Defendants") for John's injuries and their consequences. *See generally id*. Tien-I moved to dismiss for lack of personal jurisdiction and insufficient service of process. ECF No. 26 ("Motion"). Plaintiffs responded that they expected Tien-I's co-Defendants to oppose the motion, and those co-Defendants would be in a better position to assert facts relevant to Tien-I's contacts with New Jersey. Opp. at 2, ECF No. 27-3. Alternatively, Plaintiffs seek jurisdictional discovery to determine the extent of Tien-I's contacts with the State. *Id.* Despite Plaintiffs' expectation, none of Tien-I's co-Defendants filed an opposition.

## II. STANDARD OF REVIEW

When deciding Rule 12(b)(2) motions, "[i]f the district court does not hold an evidentiary hearing, the plaintiffs need only establish a prima facie case of personal

1

jurisdiction. Moreover, it is well established that in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (cleaned up).

### III.  DISCUSSION

Plaintiffs counsel submits the following facts in support of jurisdiction or jurisdictional discovery: (a) Tien-I manufactured the tool kit containing the allegedly malfunctioning driver/socket bit ("Tool Kit"); (b) PTP requested that Tien-I manufacture the Tool Kit; (c) PTP is based in South Carolina; (d) Tien-I delivered the Tool Kit to a port in Taiwan, "where the product would obviously be shipped overseas"; (e) the Tool Kit came with a paper cover in English and English-system measurements for use in the United States; (f) Tien-I maintains a website ("Website") in English and available from New Jersey that displays the same type of socket sets involved in this case. Garelick Declaration ¶ 10, ECF No. 27-2. Through the Website, New Jersey residents can obtain a catalog, contact a sales representative, and "submit" a contact request. *Id.*

#### A.  General Jurisdiction

Accepting these facts, the allegations in the SAC, and all reasonable inferences to be drawn therefrom, Plaintiffs still fail to meet their initial burden of presenting factual allegations that suggest the possible existence of requisite contacts between Tien-I and New Jersey. *See Toys "R" Us, Inc*, 318 F.3d at 456. Given Tien-I's place of incorporation, principal place of business, and lack of alleged systematic, continuous contacts with New Jersey, nothing indicates this Court could exercise "general jurisdiction" over Tien-I. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) ("*Goodyear* and *Daimler* clarified that '[a] court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."). Specific jurisdiction is discussed below.

#### B.  Specific Jurisdiction

"Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum." *Toys "R" Us, Inc*, 318 F.3d at 451 (cleaned up). Beyond this "nexus" requirement, the defendant must have sufficient "minimum contacts" with the forum. *Id.* "Minimum contacts has been defined as 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (cleaned up).

2

Further, "subjecting the defendant to the court's jurisdiction [must] comport[] with traditional notions of fair play and substantial justice . . . i.e., the defendant should reasonably anticipate being haled into court in that forum. *Id.*

Here, Tien-I's only purported contacts with New Jersey involve either a series of third-party actions (i.e., a stream of commerce) or general, indirect connections with the United States as a whole. As this case does not arise under federal law, *see generally* SAC, Tien-I's contacts with the United States generally are immaterial. *Cf. Toys "R" Us, Inc*, 318 F.3d at 456 & n.7 (discussing the federal long-arm statute under FRCP 4(k)(2)). And stream-of-commerce arguments—in which a defendant sells its product to another party without any intent that the product end in the forum state—are routinely rejected by federal courts. *See Shuker v. Smith & Nephew*, 885 F.3d 760, 780 (3d Cir. 2018) (finding plaintiff must rely on some act in which defendant *purposefully avails* itself of privilege of conducting activities within the forum state and rejecting stream-of-commerce argument).

This leaves Tien-I's operation of the Website as the only potentially jurisdiction-creating allegation. But operation of a commercial website "should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us, Inc*, 318 F.3d at 454. "Rather, there must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts." *Id.* (finding defendant did not knowingly conduct business with residents of New Jersey).

Here, even assuming New Jersey residents can use the Website to purchase products, Plaintiffs fail to present any allegation of "purposeful availment" to conducting business in the State. *See id.* Given the lack of any alleged connections to New Jersey, Plaintiffs have failed to make a *prima facia* showing of jurisdiction over Tien-I.

### C. Jurisdictional Discovery

Plaintiffs argue they should be granted jurisdictional discovery. Opp. at 2. But Plaintiffs fail to articulate any specific, non-frivolous, logical discovery requests that could foreseeably produce evidence of the Court's jurisdiction. *Cf. Toys "R" Us, Inc*, 318 F.3d at 458. A general request for all of Tien-I's correspondence related to the drill/socket bit is insufficient, as Plaintiffs fail to specify any manner in which Tien-I (even allegedly) targeted New Jersey. *See* Opp. at 2. A contrary holding would permit discovery in every stream-of-commerce case, even without a defensible jurisdictional theory. And unlike in *Toys "R" Us*, where the cause of action (federal trademark infringement) made all of defendants' efforts to sell their counterfeit products in the United States relevant to jurisdiction, *id.* at 455-58, here, only contacts with New Jersey related to the Tool Kit are relevant. *See* SAC (alleging state-law claims). Plaintiffs failed to articulate any contacts or provide a plausible theory for discovering one. Garelick Declaration ¶ 10(c) (stating the Tool Kit was sold to PTP, a South Carolina company); *see also* Huang Decl. ¶¶ 11-24, ECF No. 26-2 (explaining that PTP purchased and took ownership of the Tool Kit in Taiwan, and Tien-I has no connection to New Jersey). Accordingly, Plaintiffs failed to meet their threshold burden for jurisdictional discovery. *See Toys "R" Us, Inc*, 318 F.3d at 456.

## IV.    CONCLUSION

Plaintiffs failed to allege facts conferring the Court with personal jurisdiction over Tien-I.  Plaintiffs also failed to articulate non-frivolous, logical discovery requests that could reasonably be expected to produce evidence of the Court's jurisdiction.  And Plaintiffs' theory—that Tien-I sold the Tool Kit to PTP, a South Carolina company—undercuts the possibility that discovery would produce evidence of relevant "purposeful availment."  Accordingly, Tien-I's Motion to Dismiss, ECF No. 26, is **GRANTED** and Plaintiffs' Cross Motion for Discovery, ECF No. 27, is **DENIED**.  Because the Court lacks personal jurisdiction over Tien-I, it cannot reach the issue of whether service of process was adequate.  An appropriate order follows.

*/s/ William J. Martini*

**Date: January 17, 2020**　　　　　　　　　　**WILLIAM J. MARTINI, U.S.D.J.**